# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59954-6-II |
| Respondent, | |
| v. | |
| YOLANDA EVETTE OSTROM, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Yolanda E. Ostrom appeals the superior court's order terminating her from a mental health court program and the superior court's sentence, imposed after her termination from the mental health court program, based on her subsequent convictions for harassment and first degree extortion. Ostrom argues that (1) the superior court erred by terminating her participation in the mental health court program without complying with the requirements of the Mental Health Sentencing Alternative (MHSA) codified under RCW 9.94A.695; (2) the superior court erred by imposing a sentence that included 12 months of community custody without the authority to do so under the MHSA; and (3) she received ineffective assistance of counsel because her defense counsel failed to raise legal arguments related to the MHSA at the termination hearing and sentencing.

Ostrom was terminated from a mental health court program. Ostrom was not serving a sentence under the MHSA. Therefore, the MHSA is inapplicable. Accordingly, we hold that Ostrom's arguments fail and affirm.

FACTS

A.     BACKGROUND

In 2022, the State charged Ostrom with one count of harassment (threat to kill) and one count of first degree extortion. On December 1, 2022, the superior court approved Ostrom's participation in a mental health court program.

To participate in the mental health court program, Ostrom agreed to the terms of the mental health court program contract. Under this contract, Ostrom agreed "[t]o take all prescribed medication as directed," "[t]o not consume any non-prescribed mood-altering substances (this includes alcohol, marijuana, and other substances that affect mood or perception)," and "[t]o notify the Program Coordinator within 24 hours if the Defendant has contact with Law Enforcement." Clerk's Papers (CP) at 18, 19, 20. The mental health court contract provided that after successful completion of the program, the superior court would "dismiss . . . the pending charge(s) with prejudice and the Prosecuting Attorney will not be able to prosecute those charges in the future." CP at 22. Ostrom further agreed that failure to abide by the terms of the contract may result in termination from the mental health court program. And if Ostrom was terminated from the mental health court program, the superior court would determine guilt based upon stipulated facts.

From December 2022 to June 2024, Ostrom reported to Sophia Limacher, who was the mental health court program coordinator. During Ostrom's monthly program reviews with the mental health court, Limacher reported Ostrom's progress, and, until June 2024, the mental health court found that Ostrom was in compliance with the mental health court program.

Prior to Ostrom's program review hearing on June 6, 2024, the State informed Limacher that Ostrom had new charges: driving with a suspended license and hit-and-run from the preceding

weekend and a speeding ticket from March. Ostrom did not report these contacts with law enforcement to Limacher as required by the mental health court program contract. At the June 6 hearing, the mental health court ordered Ostrom to 24 hours of community service based on the unreported contacts. The mental health court also directed Ostrom to take a uranalysis (UA) test after the review hearing. Ostrom failed to provide a proper UA sample.

B.       TERMINATION HEARINGS

On June 13, 2024, the State filed a petition to terminate Ostrom from the mental health court program based on Ostrom's failure to report law enforcement contacts that resulted in her 2024 charges, an admission by Ostrom that she did not always take her mental health medications as prescribed, and Ostrom's failure to provide a proper UA sample. During the June 26 hearing on the State's petition, the mental health court determined that because "[t]here has been some compliance" from Ostrom, the court would not terminate Ostrom from the program. Verbatim Rep. of Proc. (VRP) (June 26, 2024) at 77. The mental health court ordered Ostrom to provide a new UA sample that day.

On July 1, the State filed a second petition to terminate Ostrom from the mental health court program based on the results of Ostrom's UA sample provided on June 26. At the second termination hearing, Ostrom admitted that her uranalysis test was positive for methamphetamine and alcohol. The State argued that Ostrom violated the main components of her mental health court contract: using non-prescribed mood-altering substances, new law violations, and lack of candor to the court and to Limacher. The mental health court terminated Ostrom from the mental health court program, citing Ostrom's new offenses, lack of honesty, and continued use of non-prescribed mood-altering substances.

3

C.      STIPULATED FACTS TRIAL AND SENTENCING

At Ostrom's subsequent trial on stipulated facts per the mental health court contract, the superior court accepted the stipulated facts presented by the parties and found Ostrom guilty of harassment and first degree extortion.

The superior court sentenced Ostrom to 50 months of confinement on the harassment conviction. On the first degree extortion conviction, the superior court sentenced Ostrom to 62 months of confinement and 12 months of community custody.

Ostrom appeals.

ANALYSIS

Ostrom argues that the mental health court erred by terminating her from the mental health court program without complying with the requirements of RCW 9.94A.695, which governs sentences imposed under the MHSA. Ostrom also argues that the superior court erred by imposing 12 months of community custody because the superior court lacked authority to impose community custody under the MHSA. And Ostrom argues that she received ineffective assistance of counsel because her defense counsel failed to raise legal arguments related to the MHSA at her termination hearing and at sentencing. We conclude that Ostrom's arguments fail.

A.      TERMINATION FROM MENTAL HEALTH COURT PROGRAM

Ostrom argues that the mental health court erred by terminating her without complying with the requirements to revoke the MHSA under RCW 9.94A.695. Because Ostrom was a participant in a mental health court program, not serving a sentence under the MHSA, we disagree.

The MHSA is one of several sentencing alternatives authorized by the Sentencing Reform Act of 1981, ch. 9.94A RCW. The MHSA is governed by RCW 9.94A.695. The MHSA is available to defendants that meet the following criteria:

> (a) The defendant is convicted of a felony that is not a serious violent offense or sex offense;
> (b) The defendant is diagnosed with a serious mental illness recognized by the diagnostic manual in use by mental health professionals at the time of sentencing;
> (c) The defendant and the community would benefit from supervision and treatment, as determined by the judge; and
> (d) The defendant is willing to participate in the sentencing alternative.

RCW 9.94A.695(1). When terminating a defendant's MHSA, the superior court "must issue written findings indicating a substantial and compelling reason to revoke this sentencing alternative." RCW 9.94A.695(12)(c).

Here, the mental health court did not err by terminating Ostrom without complying with the requirements of the MHSA because Ostrom was a participant in a mental health court program—Ostrom was not serving a sentence under the MHSA. Ostrom could not have been serving a sentence under the MHSA because at the time of her termination, she had not been convicted of a felony. Rather, Ostrom was a participant in a mental health court program with the understanding that, after successful completion of the program, the superior court would "dismiss . . . the *pending* charge(s) with prejudice and the Prosecuting Attorney will not be able to prosecute those charges in the future." CP at 22 (emphasis added). Further, Ostrom agreed that if she was terminated from the program, the superior court would "determine the issue of guilt on the pending charge(s)." CP at 21. Because Ostrom was a participant in a mental health court program, she had not yet been convicted.

5

Ostrom was not serving a sentence under the MHSA. Accordingly, the mental health court did not err by terminating Ostrom without complying with the requirements to revoke a sentence imposed under the MHSA because the MHSA is inapplicable.

B.      COMMUNITY CUSTODY SENTENCE

Next, Ostrom argues that the superior court erred by imposing 12 months of community custody during sentencing. We disagree.

Under RCW 9.94A.701(3)(a), "[a] court shall . . . sentence an offender to community custody for one year when the court sentences the person to the custody of the department for . . . [a]ny crime against persons under RCW 9.94A.411(2)." First degree extortion is considered a crime against persons under RCW 9.94A.411(2).

Ostrom argues that the superior court lacked authority to impose community custody because Ostrom was sentenced under the MHSA. As discussed above, Ostrom was not serving a sentence under the MHSA; rather, Ostrom was a participant in a mental health court program. Accordingly, Ostrom's challenge based on the MHSA fails.

Further, under RCW 9.94A.701(3)(a), the superior court was required to sentence Ostrom to 12 months of community custody because she was convicted of first degree extortion—a crime against persons. Therefore, the superior court did not err in sentencing Ostrom to 12 months of community custody.

C.      INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, Ostrom argues that she received ineffective assistance of counsel because her defense counsel failed to raise legal arguments related to the MHSA at her termination hearing and at sentencing. We disagree.

6

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantees the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). When a party claims ineffective assistance, the party must demonstrate "(1) deficient performance and (2) resulting prejudice." *Id*. at 457-58. "If either element of the test is not satisfied, the inquiry ends." *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

Counsel's performance is deficient when it "falls 'below an objective standard of reasonableness based on consideration of all the circumstances.'" *Estes*, 188 Wn.2d at 458 (quoting *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). Reasonable conduct for an attorney includes researching the relevant law. *Kyllo*, 166 Wn.2d at 862.

Here, Ostrom argues that she received ineffective assistance of counsel because her defense counsel failed to argue the legal standards relevant to the MHSA at her termination hearing and at sentencing. But Ostrom fails to show that her defense counsel was deficient at either hearing because the MHSA did not apply to Ostrom; she was a participant in a mental health court program—not serving a sentence under the MHSA. Thus, Ostrom's defense counsel was not deficient by failing to argue inapplicable standards. Accordingly, Ostrom's ineffective assistance of counsel claim fails.

## CONCLUSION

Ostrom's challenges are based on the failure to comply with or present arguments related to the MHSA, which is inapplicable to Ostrom because she was a participant in and terminated from a mental health court program. Ostrom was not sentenced under the MHSA. Accordingly, Ostrom's challenges fail. We affirm.

No. 59954-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

L., C.J.

We concur:

Glasgow, J.

Veljacic, A.C.J.